UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARDNER BRADLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CV-05-1304 (ESH) |
| ODIE WASHINGTON, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS BERNARD HALL AND STEVEN SMITH'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Bernard Hall and Steven Smith[1], ("Defendants"), by and through their counsel, the Office of the Attorney General for the District of Columbia, and pursuant to Fed. P. Civ. R. 12(c), hereby move for judgment on the pleadings on the grounds that: (1) plaintiff fails to state a claim upon which relief may be granted against these defendants. The incident that forms the basis of this lawsuit occurred after the filing of plaintiff's Complaint. Moreover, plaintiff has failed to plead sufficient facts against defendant Smith to maintain this lawsuit against him. See Complaint, generally.

WHEREFORE, defendants pray this Court grant them judgment on the pleadings.

Respectfully submitted,

---

[1] To the District's knowledge, defendants Odie Washington, Butler, Robinson and Samson have not been served. *See* Court's Docket. FRCP 4(m) requires the dismissal of defendants Odie Washington, Butler, Robinson, and Samson because more than 120 days have elapsed since the filing of the complaint.

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

__\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295


# CERTIFICATE OF SERVICE

This certifies that on the 23rd day of February, 2006, a true and correct copy of the foregoing Motion for Judgment on the Pleadings was sent by first-class mail, postage prepaid to:

Mr. Gardner Bradley
No.: 296275
MCFP
P.O. Box 4000
Springfield, MO 65807
Pro se Plaintiff


_____\s_____
MICHAEL P. BRUCKHEIM
Assistant Attorney General

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARDNER BRADLEY, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :    CV-05-1304 (ESH) |
| ODIE WASHINGTON, et al., | : |
| | : |
|     Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS BERNARD HALL AND STEVEN SMITH'S MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

In support of their Motion for Judgment on the Pleadings, these defendants state the following:

**I.  PRELIMINARY STATEMENT**

Plaintiff filed a pro se complaint on June 29, 2005[2], alleging that he was beaten by corrections officers when he was transferred from one cell block to another on June 30, 2005. He further alleges that his legal materials were confiscated in August, 2005. Plaintiff avers that defendant Smith failed to respond to his grievance in writing. *See* Plaintiff's Complaint   As the following arguments will show, plaintiff fails to state a claim against these defendants upon which relief may be granted.

---

[2] *See* Court Docket entry #1.

**II.     STANDARD OF REVIEW**

    **A.     Dismissal pursuant to Fed. R. Civ. P. 12(c)**

Under Fed. R. Civ. P. 12 (c), after the pleadings are closed, any party may move for judgment on the pleadings. Should the arguments and evidence relied on be limited to the allegations and responses in the pleadings, then Court must apply the same standard as applied for a motion to dismiss. *Nixon v. Sampson,* 580 F.2d 514 (D.C. Cir. 1978); *Dale v. Executive Office of the President,* 164 F. Supp.2d 22 (D.D.C. 2001). Should the court be presented with and accepts any matters beyond, or "outside the pleadings", then the court shall treat the motion as if filed under Fed. R. Civ. P. 56. *Dale,* 164 F. Supp.2d 22. The court, however, may consider or take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation.[3] *Haynesworth v. Miller,* 820 F.2d 1245 (D.C. Cir. 1987); *Jane Does I v. District of Columbia and MRDDA,* 2002 U.S. Dist. LEXIS 24171 (D.D.C. 2002), *citing Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994).

The Complaint must be liberally construed in favor of the plaintiff, and the plaintiff should receive the benefit of all reasonable inferences that can be drawn from thee facts. *E.E.O.C. v. St. Francis Xavier Parochial School,* 117 F.3d 621 (D.C. Cir. 1997).

**III.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS HALL OR SMITH.**

    **A.     The Filing of this Lawsuit Preceded the Subject Incident.**

A reading of plaintiff's Complaint makes clear beyond doubt that he cannot prove any facts to support his claim against the defendants. Plaintiff alleges that he suffered his injuries on June 30, 2005. *See* Plaintiff's Complaint. However, plaintiff filed his Complaint on June 29,

---

[3] The Defendants, as a part of this motion, will only introduce the record of his efforts to obtain habeas relief that ultimately proved to be unavailing.

2005, which is one day *earlier* than the alleged date of his injuries. See Docket Entry #1. Because the filing occurred prior to the alleged date of injury, judgment on behalf of the named defendants are warranted.

### B. Plaintiff Has Failed to Plead a Viable Claim Against Defendant Smith

Plaintiff does not allege any viable constitutional claims against Smith. *See* Complaint. He merely alleges that defendant Smith failed to respond to his inmate grievance to staff member for medical attention for his injuries. Plaintiff has not pled any facts to show when he allegedly sent his grievance to defendant Smith, or that defendant Smith received his grievance and deliberately failed to respond. *See* Complaint, generally. Because the allegations against defendant Smith do not rise to the level of constitutional misconduct, dismissal is appropriate against him.

WHEREFORE, defendants Bernard Hall and Steven Smith pray this Court dismiss the Complaint with prejudice.

                        Respectfully submitted,

                        ROBERT J. SPAGNOLETTI
                        Attorney General for the District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General, Civil Litigation Division

                        __\s_____
                        PATRICIA A. JONES [428132]
                        Chief, General Litigation Sec. IV

\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARDNER BRADLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1304 (ESH) |
| ODIE WASHINGTON, et al., : | |
| : | |
| Defendants. : | |
| _____: | |

## **ORDER**

Upon consideration of defendants Bernard Hall and Steven Smith's Motion for Judgment on the Pleadings, the Memorandum in Support thereof, plaintiff's opposition, if any, and the facts and law considered, it is hereby:

ORDERED: that the Motion for Judgment on the Pleadings is GRANTED for the reasons set forth in their motions; and it is further,

ORDERED that the Complaint against defendants Hall and Smith is DISMISSED WITH PREJUDICE.

So ORDERED this \_\_\_\_\_ day of _____, 2006.

_____
The Honorable Judge Huvelle
United States District Court for the District of Columbia

Copies to:

Michael P. Bruckheim
Assistant Attorney General
441 4th Street, NW,
6th Floor-South
Washington, D.C. 20001

Gardner Bradley
No.: 296275
MCFP
P.O. Box 4000
Springfield, MO 65807