UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GARDNER BRADLEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1304 (ESH) |
| STEVEN A. SMITH, WARDEN, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on a motion for judgment on the pleadings filed on behalf of defendants Bernard Hall and Steven Smith. The motion will be denied.[1]

**BACKGROUND**

In June 2005, plaintiff filed his *pro se* complaint [Dkt. #1]. At that time, he was incarcerated at the D.C. Jail. He alleged that the Director of the District of Columbia Department of Corrections and the Warden of the D.C. Jail violated rights protected under the Eighth Amendment to the United States Constitution in connection with disciplinary action taken on

---

[1] On February 24, 2006, the Court issued an Order directing plaintiff to file his opposition or other response to defendants' motion, advising him that the Court would treat the motion as conceded if he failed to respond by March 27, 2006. According to the Federal Bureau of Prisons Inmate Locator, plaintiff was transferred to the USP Hazleton, a federal penitentiary in West Virginia, at some time since he filed his Amended Complaint on September 1, 2005. Plaintiff did not notify the Clerk of Court Court of his change of address. Thus, because the docket still reflects plaintiff's former place of incarceration, plaintiff may not have received his copy of defendants' motion and the Court's February 24, 2006 Order. Under these circumstances, the Court will not treat defendants' motion as conceded.

June 6, 2005.

On September 1, 2005, plaintiff filed an Amended Complaint [Dkt. #8]. The events described in the Amended Complaint pertained to incidents which occurred on June 30 and July 31, 2005. In addition, plaintiff named additional defendants, including four corrections officers. Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2), the Clerk of Court issued summonses on October 31, 2005, and the United States Marshals Service served or attempted to serve the defendants with a summons and with a copy of the Amended Complaint. Only defendants Smith and Hall have been served. These defendants filed an Answer to the Amended Complaint [Dkt. #15] on January 10, 2006. Defendants also filed the instant motion for judgment on the pleadings [Dkt. #17] on February 23, 2006.[2]

## DISCUSSION

Under Rule 12(c) of the Federal Rules of Civil Procedure, the Court may grant a motion for judgment on the pleadings "if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)). Defendants cannot succeed on their motion for judgment on the pleadings, however, "if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Defendants move for judgment on the pleadings on the grounds that plaintiff (1) alleges that he suffered injuries on June 30, 2005, one day after he filed his original complaint, and (2)

---

[2]Defendants asserted plaintiff's failure to exhaust his administrative remedies, among others, as an affirmative defense. Although invited by the Court to do so (*see* Order dated Jan. 26, 2006 ), defendants have not raised this as a grounds for dismissal in the instant motion.

states no viable constitutional claim against defendant Smith.  Memorandum of Law in Support of Defendants Bernard Hall and Steven Smith's Motion for Judgment on the Pleadings ("Defs.' Mot.") at 4-5.

The Court begins with the proposition that pleadings filed by *pro se* litigants are liberally construed, and are held to less stringent standards than are applied to pleadings prepared by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (allowing *pro se* litigants "more latitude than litigants represented by counsel to correct defects in service of process and pleadings").  Under Rule 15(a), a plaintiff has "an absolute right to amend [his] complaint once at any time before the defendant has filed a responsive pleading."  *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000) (citing Fed. R. Civ. P. 15(a)).  Rule 15(d) authorizes the court, "upon reasonable notice and upon such terms as are just," to permit a party to serve a supplemental pleading setting forth events which have happened since the date of the original complaint.  Fed. R. Civ. P. 15(d).

It is clear that plaintiff was entitled to file an Amended Complaint under Rule 15(a).  It is unclear, however, whether plaintiff intended for his Amended Complaint to supercede or to supplement the original pleading.  The Court construes plaintiff's pleadings broadly, and presumes that plaintiff did not abandon claims raised in the original complaint.  *Cf. Logan v. Dep't of Veterans Affairs*, 404 F.Supp.2d 72, 74 n.1 (D.D.C. 2005) (considering in Memorandum Opinion claims raised both in complaint and amended complaint when unclear whether *pro se* plaintiff "intended that the latter document replace the former"); *Jackson v. Strayer College*, 941 F.Supp. 192, 194 (D.D.C. 1996) (deeming original Complaint and Amendment to the Complaint

together as the "Amended Complaint"), *aff'd*, No. 96-7232, 1997 WL 411656 (D.C. Cir. June 25, 1997).

Defendants proceed as if plaintiff's Amended Complaint does not exist. They fail to demonstrate that no material fact is in dispute or that they are entitled to judgment as a matter of law.

Accordingly, it is hereby

**ORDERED** that defendants' motion for judgment on the pleadings [#17] is **DENIED** without prejudice. It is further

**ORDERED** that plaintiff's petition for leave to file response [#20] is **DENIED AS MOOT** since no response is necessary. It is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to plaintiff, Fed. Reg. #36428-007, at the following address: USP Hazleton, P.O. Box 2000, Bruceton Mills, WV 26525.

**SO ORDERED**.

                                                          s/
                                   ELLEN SEGAL HUVELLE
                                   United States District Judge

Date: May 3, 2006