# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARDNER BRADLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1304 (ESH) |
| ODIE WASHINGTON, et al., : | |
| : | |
| Defendants. : | |
| _____: | |

## DEFENDANTS STEVEN SMITH AND BERNARD HALL'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants[1] Steven Smith and Bernard Hall, ("Defendants"), by and through their counsel, the Office of the Attorney General for the District of Columbia, and pursuant to Federal Rules of Civil Procedure 12(b)(6), and 12(b)(1) hereby move to dismiss Plaintiff's Complaint, on the grounds that: (1) this Court does not have subject matter jurisdiction over Plaintiff's Complaint because Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act of 1995. Additionally, this suit against defendant Smith is in his official capacity only, and dismissal is appropriate. Alternatively, these defendants move for summary judgment pursuant to Rule 56(b) and (c).

The basis for these defendants' motions are further articulated in the memorandum of points and authorities in support thereof.

WHEREFORE, Defendants pray this Court dismiss the complaint with prejudice, or that they be granted summary judgment.

---

[1] To the District's knowledge, defendants Odie Washington, Butler, Robinson and Samson have not been served. *See* Court's Docket. FRCP 4(m) requires the dismissal of defendants Odie Washington, Butler, Robinson, and Samson because more than 120 days have elapsed since the filing of the complaint.

          Respectfully submitted,

          ROBERT J. SPAGNOLETTI
          Attorney General for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General, Civil Litigation Division

          \_\_\\s\\_____
          PATRICIA A. JONES [428132]
          Chief, General Litigation Sec. IV

          \_\_\_\\s\\_____
          MICHAEL P. BRUCKHEIM [455192]
          Assistant Attorney General
          441 4TH Street, NW, 6th Floor-South
          Washington, D.C. 20001
          202-724-6649; 202-727-6295

## **CERTIFICATE OF SERVICE**

This certifies that on the 24th day of May, 2006, a true and correct copy of the foregoing Motion to Dismiss, or in the Alternative, for Summary Judgment was sent by first-class mail, postage prepaid to:

Mr. Gardner Bradley
Fed. Reg. No.: 36428-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525
Pro se Plaintiff

          _____\\s\\_____
          MICHAEL P. BRUCKHEIM
          Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARDNER BRADLEY, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :    CV-05-1304 (ESH) |
| ODIE WASHINGTON, <u>et al.</u>, | : |
| | : |
|     Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS BERNARD HALL AND STEVEN SMITH'S MOTION TO**
**DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In support of their Motion to Dismiss, or alternatively, Motion for Summary Judgment, Defendants Steven Smith and Bernard Hall state as follows:

**I.    PRELIMINARY STATEMENT**

Plaintiff filed a *pro se* complaint on June 29, 2005[2], alleging that he suffered physical injuries when he was transferred from one cell block to another on June 30, 2005. He further alleges that his legal materials were confiscated in August, 2005. *See* Plaintiff's Complaint. As the following arguments will show, plaintiff fails to state a claim upon which relief may be granted. Furthermore, this Court has no jurisdiction over this matter because Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 (PLRA).

**II.    STANDARD OF REVIEW**

*Standard for Federal Rule of Civil Procedure 12(b)(6).*

The legal standard for a motion to dismiss under Rule 12(b)(6) was recently set forth in *Himmelman v. MCI Communications*:

---

[2] *See* Court Docket entry #1.

> A motion to dismiss for failure to state a claim upon which relief may be granted tests not whether the plaintiff will prevail on the merits, but instead whether or not he has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).; Fed. R. Civ. P. 12(b)(6). The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Atchison v. D.C.*, 315 U.S. App. D.C. 318, 73 F.3d 418, 421 (D.C. Cir. 1996). In deciding such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. See *Maljack Prods. v. Motion Picture Ass'n*, 311 U.S. App. D.C. 224, 52 F.3d 373, 375 (D.C. Cir. 1995). The court need not, however, accept as true the plaintiff's legal conclusions. *See Taylor v. F.D.I.C.,* 328 U.S. App. D.C. 52, 132 F.3d 753, 762 (D.C. Cir. 1997). Nor need the court accept unsupported assertions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County*, 433 U.S. 25, 27, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977). The court may consider the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record. *See* 5A Wright & Miller, FEDERAL PRACTICE & PROCEDURE §1357 at 299 (2d ed. 1990).

104 F. Supp. 2d 1, 3 (D.D.C. 2000).

***Standard for Federal Rule of Civil Procedure 56(c).***

In motions for summary judgment raised under Rule 56(c), summary judgment must be awarded where "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. Civ. P. R. 56(c). Summary judgment is not a disfavored procedural shortcut, but rather it is an integral part of the civil rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the absence of genuine issues of material fact, the party need not negate the allegations of the complaint with affidavits or other evidence. *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195 (D.C. 1991) (*citing Celotex Corp. v. Catrett*, 477 U.S. at 323). Instead, the moving party may rely upon an absence of proof concerning *essential elements* of the plaintiff's claim. *Beard*, 587 A.2d at 198. (*emphasis added*). Once the movant has demonstrated that there is no genuine issue of material fact, the burden shifts to the non-moving party to come forward with specific evidence showing that genuine issues of material fact exist. *Id.*

The existence of some factual dispute will not defeat a motion for summary judgment -- rather there must be a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). The evidence must be more than colorable and significantly probative or summary judgment is the appropriate remedy. *Anderson,* 477 U.S. at 249-250. The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to defeat a motion for summary judgment. *Graff v. Malawar*, 592 A.2d 1038, 1041 (D.C. 1991).

The standard for summary judgment is essentially the same as that for a directed verdict. *Beard*, 587 A.2d at 199. The trial court must determine whether there is sufficient evidence upon which a reasonable juror could find by a preponderance of the evidence that the plaintiff, upon whom the onus of proof is imposed, is entitled to a verdict. *Graff*, 592 A.2d at 1041. Unless the plaintiff can meet that burden, the court must enter judgment in favor of the defendant. *Id.; See also*, *Hill v. White,* 589 A.2d 918, 921 (D.C. 1991).

### III. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT

The United States district courts are courts of limited jurisdiction. *Ins. Corp. of Ireland v. Compagnie Des Bauxites*, 456 U.S. 694, 102 S. Ct. 2099, *cert. denied*, 457 U.S. 1105 (1982). They are empowered to hear only those cases that are a) within the judicial power of the United States, and b) the subject of a jurisdictional grant by Congress. 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522, at 60 (1984). As stated in *Ins. Corp. of Ireland*, "The character of controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." 102 S. Ct. at 2104.

Given the federalism concerns involved in the assertion of federal subject matter jurisdiction, there is a presumption that a federal court lacks jurisdiction in a particular case "until it has been demonstrated that jurisdiction over the subject matter exists." 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3522, at 62; *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983). The party asserting jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n. 4 (D.C. Cir. 1984).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321, Congress has established that prisoners must fully exhaust all available administrative remedies before bringing suit under Federal laws. *Wendall v. Asher*, 162 F.3d 887 (5th Cir. 1998); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998),

*cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997).  As provided in the statute:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(a).  The prisoner's duty to exhaust administrative remedies includes a duty to exhaust any procedures available for the appeal of adverse decisions or of grievances deemed denied because of inaction on the part of the corrections system. *Wendall*, 162 F.3d at 890-92.  Plaintiff bears the burden of alleging facts demonstrating his exhaustion of those remedies.  *See Toombs,* 139 F.3d at 1104; *see also* FED. R. CIV. P. 8(a) (requiring "plain statement of federal court's jurisdiction" and "showing that pleader is entitled to relief") and 9(c) (requiring special pleading of "conditions precedent").

Here, the thrust of Plaintiff's complaint is a challenge to his conditions of confinement at the DC Jail.  Specifically, he alleges physical injuries suffered during a transfer on June 30, 2005, and the confiscation of his legal materials in August, 2005. Thus, he clearly had a duty under 42 U.S.C. § 1997(a) to exhaust his grievance rights before challenging his conditions of confinement in federal court and seeking money damages for his alleged injuries.  *See Wendall*, 162 F.3d 887; *Toombs*, 139 F.2d 1102; and, *Garrett*, 127 F.3d 1263; *compare Alexander v. Hawk*, 159 F.3d 1321, 1325-28 (11th Cir. 1998) (holding that exhaustion is required even where the correction system's grievance process does not provide the requested relief of monetary damages) and *Gibbs v. Bureau of Prison Office*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (holding that district court did not have subject matter jurisdiction over inmate's *Bivens* claim for money damages where inmate failed to exhaust administrative remedies).

Plaintiff has made no showing that he even attempted to exhaust his administrative procedures at DC Jail concerning the conditions of his confinement. See Complaint, generally. Furthermore, after a search of plaintiff's prison records from his periods of confinement, there is no record of plaintiff filing an inmate grievance for an alleged assault and battery that occurred on June 30, 2005, or for an alleged removal of his legal materials on August 8, 2005. See Affidavit of Sgt. Hazel Lee, hereto attached as Exhibit 1.

According to Sgt. Lee, inmates who file grievances, received a receipt documenting the filing. Plaintiff has failed to provide a copy of this receipt or any other form of proof that he filed any grievances concerning the alleged assault and battery and confiscation of his legal materials. Plaintiff has failed to exhaust the administrative remedies available to him before filing suit. Therefore, the Court lacks subject matter jurisdiction over his case, and the complaint should be dismissed as against defendants Hall and Smith. *See Wendall*, 162 F.3d 887; *Toombs*, 139 F.2d 1102; *Garrett*, 127 F.3d 1263.

**IV.   THE LAWSUIT AGAINST DEFENDANT SMITH IS AN OFFICIAL-CAPACITY SUIT AND DISMISSAL IS APPROPRIATE.**

Plaintiff has sued defendant Steve Smith in his official-capacity only. There are no allegations in the plaintiff's Complaint that reflect that defendant Smith had any personal knowledge of and/or involvement in the subject allegations. *See Complaint, generally.* The U.S. Supreme Court has ruled upon the issue of official-capacity suits. They have held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an

8

> opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159 (1985). Consequently, the District of Columbia is the proper party defendant, and the action against defendants Williams, Washington and Smith should be dismissed.

WHEREFORE, Defendants Steven Smith and Bernard Hall pray this Court dismiss the Complaint with prejudice, or in the alternative, grant them summary judgment.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        __\s_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        ___\s_____
        MICHAEL P. BRUCKHEIM [455192]
        Assistant Attorney General
        441 4TH Street, NW, 6th Floor-South
        Washington, D.C. 20001
        202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARDNER BRADLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : CV-05-1304 (ESH) | |
| ODIE WASHINGTON, <u>et al.</u>, : | |
| : | |
| Defendants. : | |
| _____: | |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In support of their motion for summary judgment, these defendants submit the following statement of material facts not in dispute:

1. Plaintiff Gardner Bradley did not file any inmate grievances concerning an alleged assault and battery on June 30, 2005, or for an alleged removal of his legal materials on August 8, 2005. (Exhibit #1).

                        Respectfully submitted,

                        ROBERT J. SPAGNOLETTI
                        Attorney General for the District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General, Civil Litigation Division

                        __\s_____
                        PATRICIA A. JONES [428132]
                        Chief, General Litigation Sec. IV

                        ___\s_____
                        MICHAEL P. BRUCKHEIM [455192]
                        Assistant Attorney General
                        441 4TH Street, NW, 6th Floor-South
                        Washington, D.C.  20001
                        202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARDNER BRADLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1304 (ESH) |
| ODIE WASHINGTON, et al., : | |
| : | |
| Defendants. : | |
| _____: | |

## **ORDER**

Upon consideration of Defendants Steven Smith and Bernard Hall's Motion to Dismiss, the Memorandum in Support thereof, and the facts and law considered, it is hereby:

ORDERED that the Motion To Dismiss is GRANTED; and it is further,

ORDERED that the Complaint against Defendants Steven Smith and Bernard Hall is DISMISSED WITH PREJUDICE.

So ORDERED this _____ day of _____, 2006.

_____
The Honorable Judge Huvelle
United States District Court for the District of Columbia

Copies to:

Mr. Gardner Bradley
Fed. Reg. No.: 36428-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARDNER BRADLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1304 (ESH) |
| ODIE WASHINGTON, et al., : | |
| : | |
| Defendants. : | |
| _____: | |

## **JUDGMENT**

Upon consideration of Defendants Steven Smith and Bernard Hall's Motion for Summary Judgment, the Memorandum in Support thereof, and the facts and law considered, it is hereby:

ORDERED that Summary Judgment is GRANTED in favor of Defendants Bernard Hall and Steven Smith; and it is further,

ORDERED that Judgment be entered as to Defendants Steven Smith and Bernard Hall.

So ORDERED this \_\_\_\_\_ day of _____, 2006.

_____
The Honorable Judge Huvelle
United States District Court for the District of Columbia

Copies to:

Mr. Gardner Bradley
Fed. Reg. No.: 36428-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525