RECEIVED
JUN 0 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For The District of Columbia

Gardner Bradley, pro se
fed. reg. No. # 36428-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525
    plaintiff

verses

Steven A. Smith, Warden et al.,
D.C. Attorney General Office
Michael P. Bruckhelm, Attorney
441 4th St., NW 6th Flr South
Washington, D.C. 20001
    defendants

docket No. CV-05-1304(ESH)

Motion pursuant FRCP Rule 56(e),(f), Further Testimony Required And when Affidavits are Unavailable. Responsive Pleading unto Defendant's Petition for Summary Judgment To Dismiss

To: U.S. District Judge Huvelle

I, Gardner Bradley, being the Above Named, pro se plaintiff duly submit A handwritten Motion entitled, Motion Pursuant FRCP Rule 56(e),(f), Further Testimony Required And When Affidavits Are Unavailable. Responsive Pleading unto Defendants' Petition for Summary Judgment To Dismiss.

Plaintiff Asserts that the original And Amended pleading for redress of complaint sought injunctive sanctions by the Court into the conditions at D.C. Jail permitting the Assault and battery (use of excessive force) by D.C. Jail

Correctional Officer(s).

# I. Argument

Plaintiff believes to the best of his knowledge of judicial process in the above entitled case that defendant's Attorney(s) have resubmitted its Motion pursuant FRCP Rule 12 for a rehearing on the court order denying the Motion for Judgment on the Pleadings:

A. Court rules stipulates that FRCP Rule 12(c), Motion for Judgment on the Pleadings to be treated as one for Summary Judgment and disposed of as provided in Rule 56;

1. Plaintiff contends that defendant's Attorney(s) resubmitted pleading would prejudice plaintiff subsequent the petition for a Initial Discovery of material facts (tangible documents) relevant unto the subject matter jurisdiction asserted as an affirmative defense by defendants? Thereby, all of the evidence in possession of defendants' would not be entered into the present controversy before the court if the court dismisses the case upon the newly presented sworn affidavit of Sargeant Hazel Lee a D.C. Jail employee.

## II. Argument

Plaintiff asserts that the court has jurisdiction to entertain the subject matter of excessive force (assault and battery) by D.C. Jail employees pursuant Title 42 U.S.C. section 1983 when the current Administrative Remedies at D.C. Jail is an inadequate grievance process unregulated by D.C. Jail employees:

In the cited case of Allman-v-Coughlin, 577 F.Supp. 1140
"Prison inmates need not prove the absence of adequate post-deprivation of state Remedies in order to establish a claim under Title 42 U.S.C. section 1983 where intentional or gross negligent acts are allowed, violations of 4th Amendment rights as well as 14th Amendment rights are involved, it is alleged that relevant state policies or procedure are themselves inadequate."

And citing the case of Santiago-v-Yarde, 487 F. Supp. 52
"In order to state a claim under Title 42 section 1983 inmate of detention facility alleging physical abuse by corrections officers must show that officer's act were so abusive as to shock the conscience under

the circumstances indicating a recklessness or at least deliberate indifference to the rights of those under the officer's control."

II. A. That D.C. Jail officials have shown a wanton disregard and/or deliberate indifference unto the implementation of the Administrative Remedies Required under Title 42 U.S.C. 1997(e) in the denial of the minimum standards; (1) in the Advisory Role of employees in the operation of the grievance system; (2) specific maximum time limit for a written replies to grievances at each decision level within the system; (3) priority processing of grievances in which delay would subject the grievant to substantial risk of personal injury;

1. Plaintiff alleges the of the D.C. Jail grievance system pertaining unto plaintiff DCDC 296275 in the implementation, formulation, and supervisory control, whereby, the D.C. Jail employees obstructed the grievance process and made a hinderance unto plaintiff DCDC 296275 to properly exhaust such grievance system;

II. A. 2. That Warden Steven A. Smith knew or should have known that D.C. Jail employees are not abiding by the Administrative grievance procedure based upon plaintiff DCDC 296275 writing, "Refusal to sign," on the line designated for the staff member signature on the majority of the grievance forms containing the section for receipt unto inmate;

3. Pursuant the recent discovery petition filed unto this court by plaintiff duly submit for attachment to this Responsive pleading a duplicate copy of a Petition mailed out of D.C. Jail as legal mail for access to courts docketed in D.C. Superior Court - Special Proceeding Branch for Habeas Corpus Relief to relocate to a federal detention facility for plaintiff DCDC 296275 housing based upon the conditions of confinement violating plaintiff's 14th Amend. rights against cruel and unusual punishment at the hands of the D.C. Jail employees.
  Whereby, the clerk's office forwarded the court decision to the Federal Transfer Center in Oklahoma City, in the State of Oklahoma;

II. A. 4. Plaintiff believes that the grievance system at D.C. Jail is inadequately supervised by Warden Steven A. Smith to exhaust Administrative Remedies pursuant the Prison Litigation Reform Act of 1995. Therefore, plaintiff DCDC 296 275 petition the court pursuant Title 42 section 1983 for injunctive sanctions to correct the current and future abuses and mismanagement of the grievance system at D.C. Jail.

In cited case of Pearl-v-Dobbs, 649 F.2d 608
"Title 42 U.S.C. section 1983, plaintiff may maintain a theory of direct liability against prison or other official if that official fails to properly, train, supervise, direct or control the actions of subordinate(s) who causes injury."

III. Argument

Plaintiff pleadings to this court pursuant FRCP Rule 56(e), (f), in light of the sworn affidavit by Sargeant Hazel Lee a D.C. Jail employee which is knowledgeable of particular facts relevant to the subject matter jurisdiction of plaintiff's

assertion that the grievance system at D.C. Jail is inadequate through the unsupervised D.C. Jail employees not accepting responsibility for plaintiff DCDC 296275 formal complaints through the refusal to sign and date the receipt unto inmate section of the grievance form.

Citation of Weir -v- Anaconda Co., 773 F.2d 1073

"There is no requirement in Rule 56 that a Summary Judgment not be entered until discovery is completed; however, sufficient time for discovery is especially important when relevant facts are exclusively in the control of opposing party."

Citing case of Olin Corp. -v- Insurance Co. of N. Am. 603 F. Supp. 445; 22 Envt. Rep. Cas. 1618

"Summary Judgment should not be granted while parties opposing judgment seek discovery of potentially favorable information."

III, A. Plaintiff believes that Sargeant Hazel Lee a D.C. Jail employee can provide additional information into the grievance process at

D.C. Jail that adversely affected plaintiff DCDC 296275 ability to put D.C. Jail official on notice of the constitutional infringement concerning the conditions of confinement before the incident(s) occurred on June 30, 2005 and July 31, 2005 for the alleged assault and battery (use of excessive force) by D.C. Jail employees. That the conditions of confinement at D.C. Jail amounted unto unsupervised control of D.C. Jail Correctional officer(s) in the performance of their duties in housing plaintiff DCDC 296275;

III A. 1. Plaintiff assert that such sworn affidavit by SGT. Hazel Lee a D.C. Jail employee is vague as to her role in reference unto plaintiff DCDC 296275 filing of formal grievances at D.C. Jail;

(a) Plaintiff petitions the court for deposition and/or written interrogatory upon SGT. Hazel Lee questioning the duration of employment as D.C. Jail employee;

III. A. 1. (b). Plaintiff petitions the Court for deposition and/or written interrogatory upon SGT. Hazel Lee questioning the daily duty assigned unto her as a D.C. Jail employee;

(c). Plaintiff petitions the Court for deposition and/or written interrogatory upon SGT. Hazel Lee questioning whether a designation of appointment through the Warden's Office was assigned unto her for reviewing formal grievances from the inmate's housed in general population at D.C. Jail and inmate's housed on Administrative Segregation and/or Administrative Detention units;

(d). Plaintiff petitions the Court for deposition and/or written interrogatory upon SGT. Hazel Lee questioning the approximate number of grievance form(s) submitted by plaintiff DCDC 296275 containing the words, "Refusal to sign" on the line designated for the staff member signature on the grievance form section for receipt unto inmate;

(e). Plaintiff petitions the Court for deposition and/or interrogatory upon SGT. Hazel Lee questioning of any or all formal correspondence (thru inmate request to staff

member or handwritten complaint) made to Warden Steven A. Smith and Associate wardens or designated staff members of the Warden's office pertaining unto the conditions of confinement and complant about the grievance process; or the conduct of staff member(s) and correctional officer(s) actions or inaction towards plaintiff DCDC 296275 during the detention at D.C. Jail.

## IV. Arguement

Plaintiff acknowledges that the Amend pleading in August 2005 contained Reference unto the confiscation of legal material by Correctional officer(s) Assigned to the Reception and Discharge section of D.C. Jail was noted in the pleading only as a Reference unto the tangible evidence (document(s)) relevant to the subject matter of assault and battery (use of excessive force) by D.C. Jail employees on June 30, 2005 and July 31, 2005:

A. And such reference unto the confiscated legal material(s) is not grounds for redress that pro se plaintiff intended to be raised into the present controversy before this Court.

IV. A. 1. Plaintiff seek only to litigate grounds for redress of complaint and to establish the federal jurisdictional entitlement to have this civil complaint adjudicated under Title 42 U.S.C. section 1983 in the U.S. District Court for the District of Columbia.

In conclusion, pro se plaintiff seeks the court indulgence in adjudication of the Motion for Discovery to produce evidence admissible for a trial by jury.
And for the court to grant pro se plaintiff request pursuant FRCP Rule 56(e), further testimony is required of Sargeant Hazel Lee a D.C. Jail employee in light of the sworn affidavit to determine if the present testimony is admissible evidence supported by a deposition and/or written interrogatories stated by pro se plaintiff in the aforementioned responsive pleading.
Including FRCP Rule 56(f) when affidavits are unavailable unto plaintiff because the defendants' are in possession of tangible documents relevant to plaintiff assertion that D.C. Jail official(s) were put on notice of the infringement into the unconstitutional conditions of confinement before the incident(s) of June 30, 2005 and

July 31, 2005 which could have been prevented by prior intervention by individual(s) in supervisory positions as D.C. Jail official(s) over subordinate(s) correctional officer(s) implementing policy of the grievance system without reprisal or abandonment of the inmate's grievance remedy.

I, Gardner Bradley, attest that a foregoing affidavit is true and correct pursuant the penalty of perjury.

This 1st day of June 2006 A.D.

*Gardner Bradley*
Pro Se Appellant
Fed. Reg. No. # 36428-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

United States District Court
For The District of Columbia

Gardner Bradley, pro se
Fed. Reg. No. #36428-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525
    plaintiff

—verses

Steven A. Smith, Warden et al.,
D.C. Attorney General office
Michael P. Bruckhelm, Attorney
441 4th St., NW 6th Flr South
Washington, D.C. 20001
    defendants

Docket No. CV-05-1304(ESH)

Proof of Service
upon
defendants

To: U.S. District Judge Huvellee

I, Gardner Bradley, attest that the foregoing entitled Motion pursuant FRCP Rule 56(e)(f) Further Testimony Required and when Affidavits are Unavailable. Responsive Pleading unto Defendants Petition for Summary Judgment To Dismiss, was served upon the defendant at the above entitled captioned address through U.S. Postal Services first class postage on June 1, 2006 by U.S.P. Hazelton prison mail services.

I, Gardner Bradley, attest that the foregoing affidavit is true and correct pursuant the penalty of perjury. This 1st day of June 2006 A.D.

Gardner Bradley
Pro se plaintiff
Fed reg no 36428-007
USP Hazelton
Box 2000
Bruceton Mills, WV
26525