IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARDNER BRADLEY,       )<br>                              )<br>  Plaintiffs,              )<br>                              )<br>  v.                         )<br>                              )<br>ODIE WASHINGTON, *et al.*, )<br>                              )<br>  Defendants.          )<br>                              )<br>                              )<br>                              ) | Case Number: 1:05-cv-01304<br>(ESH) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS STEVEN SMITH AND BERNARD HALL'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Plaintiff Gardner Bradley, by and through counsel, respectfully opposes Defendants Steven Smith and Bernard Hall's Motion to Dismiss, or in the Alternative, for Summary Judgment and requests that this Court deny that Motion.

## I. BACKGROUND

During 2005, Plaintiff was incarcerated in the D.C. Jail from March 30 through August 8, when he was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri.[1] (Exhibit 1) He has subsequently been transferred to the U.S. Penitentiary - Hazelton, located in West Virginia.

---

[1] Exhibit 1 is a printout of the District of Columbia correctional system's Inmate Record. This document indicates that Plaintiff was "released" from the D.C. Jail on August 8, 2005. This release was to the custody of the U.S. prison authorities, not to the community. *See* Dkt. #8 at 9.

1

On June 29, 2005, Plaintiff filed a *pro se* complaint, alleging that the Director of the District of Columbia Department of Corrections ("DCDC") and the Warden of the D.C. Jail violated his constitutional rights, protected under the Eighth Amendment, in connection with a disciplinary action taken by Department of Corrections and D.C. Jail employees on June 6, 2005. [Dkt. #1] In that complaint, he sought prospective relief and punitive damages.

The day after filing this complaint -- June 30, 2005 -- Plaintiff alleges that he was being moved between cells when Sgt. Hall and other correctional officers beat him severely and dragged him by his ankle shackles through the cell block. [Dkt. #8] On July 31, 2005, he was again beaten by several other D.C. Jail employees. [*Id.*]

Plaintiff could not file a grievance following the normal procedure because the forms required to do so were not available on his unit from June 30 (when the first incident occurred) through August 8, 2005 (when he was transferred from the D.C. Jail).[2] *See* Amended Complaint at 4 (Dkt. #8). Indeed, Plaintiff was denied writing materials of any kind for one week after he was assaulted on June 30, 2005. *Id.* When he was provided with paper, Plaintiff wrote to Mr. Washington and Mr. Smith about that incident. *Id.* Plaintiff never received a response. *Id.*

Plaintiff was transferred from the D.C. Jail to a federal correctional facility on August 8, 2005 -- within eight days of the second incident. Immediately prior to Plaintiff's transfer, D.C. correctional officers confiscated his legal materials and did not transfer these with Plaintiff and his other personal effects or mail them to him after his transfer. *See* Amended Complaint at 7

---

[2] Defendants assert that Plaintiff has failed to "present proof" that he exhausted his administrative remedies. Def. Reply Mot. at 1 [Dkt. #28]. This is not correct. Plaintiff's amended complaint was verified and signed by him on August 29, 2005, under penalty of perjury. Thus, his statements in this amended complaint that he sent a letter setting forth his grievance are evidence the Court should consider in ruling on Defendants' motion. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). Plaintiff's assertions clearly establish that there is a genuine dispute of material fact about whether he filed a grievance. Thus summary judgment is not appropriate at this time.

2

(Dkt. #8). These correctional officers also refused to provide Plaintiff with a property control number, which would have allowed Plaintiff's attorney or agent to retrieve these documents. *Id.* at 7-8. As explained by Plaintiff, these confiscated materials included materials pertaining to his conviction, as well as materials pertaining to incident reports filed against him and grievances filed by him with D.C. Jail authorities. *Id.*

Plaintiff filed an amended complaint *pro se* on September 1, 2005, while he was housed in the Medical Center for Federal Prisoners in Springfield, Missouri. [Dkt. #8] In this amended complaint, Plaintiff named four additional individual defendants and raised claims involving additional violations of his constitutional rights, claims under 42 U.S.C. § 1983, and pendant claims of assault and battery.[3]

Defendants Smith and Hall filed an Answer to the Amended Complaint on January 10, 2006. [Dkt. #15] At the Court's request [Dkt. #16], they then filed a motion pursuant to Fed. R. Civ. P. 12(c) alleging Plaintiff's failure to state a claim upon which relief could be granted. [Dkt. #17] That motion was denied on May 3, 2006. [Dkt. #21].

Although no discovery has been allowed or further proceedings undertaken, Defendants filed the instant motion to dismiss or, alternatively, for summary judgment on May 24, 2006 ("Def. Mot"). [Dkt. #23 and #25] Thereafter, undersigned counsel was appointed to represent Plaintiff [Dkt. #24], but Plaintiff did not receive notice of this appointment for several weeks. Thus, on June 9, 2006, Plaintiff filed a *pro se* Reply to Defendants' motion, in the form of an opposition and affidavit. [Dkt. #28]

---

[3] Plaintiff wrote and filed both his original complaint and his amended complaint without benefit of counsel. Counsel intends to consult with Plaintiff and to seek leave to file a new amended complaint within the next 30 days.

3

With consent of Defendants' counsel, Plaintiff, by and through counsel files this Opposition. For the purpose of this Opposition, Plaintiff incorporates herein the factual statements he included in that Reply.

## II. ARGUMENT

This Court should deny Defendants' motion. Dismissal of Plaintiff's complaint is inappropriate and granting summary judgment now is not warranted.

Defendants' current motion seeks dismissal of Plaintiff's complaint and amended complaint under both Rule 12(b)(1) and Rule 12(b)(6) on grounds that (1) the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies as required by Prisoner Litigation Reform Act ("PLRA"), and (2) the suit targets Mr. Smith in his official-capacity only and thus fails to state a claim upon which relief can be granted.

This is Defendants' second motion filed under Rule 12(b). Their first motion to dismiss [Dkt. #17] was timely filed in response to a Court Order requesting that Defendants file such a motion. That motion was denied. This motion is not timely filed and should also be denied. *See* Fed. R. Civ. P. 12(a).

Even if this Court decides to consider Defendants' current motion to dismiss (or for summary judgment), it should be denied on its merits.

### A. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT

The PLRA prohibits a prisoner from bringing any action regarding prison conditions until he or she has exhausted administrative remedies available at his correctional facility. 42 U.S.C. § 1997e(a). The statute controls the timing of the action and is not a jurisdictional bar. *Ali v. District of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2002) (affirming dismissal on other grounds).

4

Defendants assert that Plaintiff's case should be dismissed -- or summary judgment should be granted -- because Plaintiff failed to exhaust his administrative remedies, as required by the PLRA, because he failed to file "inmate grievances concerning an alleged assault and battery on June 30, 2005, and for an alleged removal of his legal materials on August 8, 2005." *See* Defendants' Statement of Material Facts Not in Dispute. [Dkt. #23 and #25]

Defendants' argument fails both factually and legally. As Defendants correctly note, the legal standard for granting a motion to dismiss under Rule 12(b), is set forth in *Himmelman v. MCI Communications Corp.,* 104 F. Supp. 2d 1, 3, (D.D.C. 2000). Because it is *not* "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," this case should not be dismissed. *Id.* Similarly, because there is a "genuine issue of material fact," this case is not appropriate for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

In sum, Plaintiff's case should not be dismissed for three reasons.

First, to the extent Defendants seek to introduce evidence that Plaintiff failed to exhaust administrative remedies, they have pointedly provided no such evidence relating to the July 31, 2005, incident. As to Defendants' assertion that Plaintiff did not file a grievance relating to the June 30, 2005, incident, Plaintiff has provided evidence to the contrary. In his amended complaint [Dkt. #8 at 4], he asserts that he filed a grievance relating to the June 30, 2005, incident. Because Plaintiff has offered such contrary evidence, this case is not appropriate for either dismissal under Rule 12(b) or for summary judgment under Rule 56(b) and (c). As to the Defendant's assertion that Plaintiff did not file a grievance relating to the August 8, 2005, loss of his legal materials, Defendants have failed to recognize that no such grievance could have been filed or was required.

Second, to the extent that Defendants assert that Plaintiff did not file his grievance relating to the June 30, 2005, incident by using the proper form, their argument must fail because Plaintiff was denied access to such proper forms.

Exhaustion does not apply to remedies that are not available to the plaintiff. 42 U.S.C. § 1997e(a) (no action shall be brought with respect to prison conditions "until such administrative remedies as are available are exhausted."). Other circuits have held that when a prisoner is prevented from utilizing the grievance process, the remedy is not available within the meaning of the statute. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (holding that plaintiff alleged sufficient facts that may establish compliance with exhaustion requirement). Withholding prescribed grievance forms can make the grievance process unavailable. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (holding that prison officials should not be rewarded for blocking access an administrative remedy).

Courts in the District of Columbia have not directly addressed whether refusal to provide grievance forms means that the administrative process is unavailable, but they have determined that substantial compliance with the grievance process is sufficient. *See, e.g., Artis-Bey v. District of Columbia*, 884 A.2d 626 (D.C. 2005). This is particularly appropriate if Plaintiff merely failed to use the proper -- but unavailable -- form to lodge his grievance. *See Blount v. Fleming*, No. 04-429, 2006 WL 1805853, at *2 (W.D. Va. June 29, 2006) (inmate is not required to exhaust administrative remedies if prison officials prevent access to the grievance system). In addition, D.C. courts have addressed the constitutionality of retaliating against an inmate who files a grievance. *See Garcia v. District of Columbia*, 56 F. Supp. 2d 1, 14 (D.D.C. 1999) (holding that complaints of harassment were sufficient to withstand pre-discovery dismissal to determine if actions would chill a reasonable person in exercise of First Amendment Right to file

6

grievances). In *Garcia*, the plaintiffs complained of retaliation that began two days after one plaintiff accused a guard of sexual harassment. Retaliation against the two other plaintiffs began after they helped Garcia file a grievance and escalated. *See Garcia v. District of Columbia*, No. 97-0005, 1998 U.S. Dist. LEXIS 22130, at *3-7 (D.D.C. Mar. 12, 1998).

In the instant case, Plaintiff began suffering negative treatment on June 30, 2005, one day after he filed his first complaint in the United States District Court. A court may infer from the actions taken by DCDC officials that they interfered with Plaintiff's ability strictly to comply with the grievance process applicable to persons housed in DCDC facilities, and therefore the requirements of section 1997e(a) have been met. *See* Exhibit 2 (District of Columbia Department of Corrections Inmate Grievance Procedures Program Statement ["DCDC IGP"]).

Finally, Plaintiff is not required to exhaust any administrative remedies concerning his claims relating to the beating he received on July 31, and the confiscation of his legal materials on August 8, 2006, and he was not required to further pursue administrative remedies relating to the beating he received on June 30, because he was transferred from a facility "operated under the authority of the [D.C. Department of Corrections]" before he was obligated to do so. *Id.* at 1. Under the DCDC IGP, Plaintiff had 15 calendar days to file a grievance. *Id.* at 7. For both the July 31 and August 8 incidents, he was transferred before the time within which to file grievances about these incidents had expired. It is disingenuous for Defendants to argue that Plaintiff's case should be dismissed because he did not file a grievance when the administrative process was unavailable to Plaintiff after 8:30 a.m. on August 8, 2005.

Similarly, Defendants assert that Plaintiff was required to "exhaust any procedures available for the appeal of adverse decisions," as well as to file a grievance. Def. Mot. at 7. This argument also completely overlooks the fact that no such procedures were available to Plaintiff

7

because he was *not* in the D.C. Jail or other correctional facility operated under the authority of the DCDC when such appeals would otherwise have been appropriate.

Because the DCDC IGP does not apply to Plaintiff after he was transferred from the DC Jail, the PLRA cannot be applied to bar Plaintiff's attempt to seek redress through the courts. To the extent required by the PLRA, Plaintiff has exhausted his administrative remedies and thus this Court has subject matter jurisdiction over Plaintiff's claims.

**B. PLAINTIFF'S CLAIMS AGAINST DEFENDANT SMITH SHOULD NOT BE DISMISSED**

Defendants assert that Defendant Smith has been sued in his official capacity only. Plaintiff asserts that Mr. Smith may have personal involvement in the actions taken against him. If dismissal of Mr. Smith is appropriate, it should occur after discovery has been allowed.

If this Court is inclined to grant Mr. Smith's motion to dismiss him, dismissal of this case is not appropriate. Counsel for the Defendants -- who is also counsel for the District of Columbia -- concedes that "the District of Columbia is the proper party defendant." Thus, since Plaintiff filed tow complaints *pro se,* the appropriate remedy would be either for this Court to construe the complaint to encompass allegations against the District of Columbia or to allow Plaintiff to amend his complaint to substitute the District of Columbia for Mr. Smith. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (allowing *pro se* litigants "more latitude than litigants represented by counsel to correct defects in service of process and pleadings.").[4]

---

[4] As noted above, counsel intends to confer with Plaintiff and to seek leave to file an amended complaint, which may obviate the need for a separate amendment to substitute parties.

8

## III. CONCLUSION

Wherefore, for the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendants' motion and sign the attached proposed Order.

Respectfully submitted,

\_\_/s/ Mary Lou Soller\_\_
Mary Lou Soller
(D.C. Bar # 246231)
Miller & Chevalier Chartered
655 15th Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5800
(202) 626-5801 (fax)

*Attorney for Plaintiff*

July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARDNER BRADLEY, </br></br> Plaintiffs, </br></br> v. </br></br> ODIE WASHINGTON, *et al.*, </br></br> Defendants. | Case Number: 1:05-cv-01304 (ESH) |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

Plaintiff asserts that there are many material facts in dispute. Because Defendants have not addressed the merits of Plaintiff's claims, Plaintiff does not here list all material facts in dispute relating to such merits.

In support of his Opposition to Defendants' motion to dismiss or for summary judgment, Plaintiff submits the following statement of genuine issues in dispute and necessary to be litigated:

1. Plaintiff Gardner Bradley filed an inmate grievance concerning an alleged assault and battery and violation of his constitutional rights on June 30, 2005. (Dkt. #8)

2. Plaintiff Gardner Bradley was not required to file an inmate grievance concerning an alleged removal of his legal materials on August 8, 2005. (Exhibit 1 and Exhibit 2)

3. The District of Columbia Department of Corrections Inmate Grievance Procedures did apply to Plaintiff Gardner Bradley after he was transferred from a correctional facility operated under the authority of the District of Columbia Department of Corrections. (Exhibit 2)

Respectfully submitted,


__/s/_Mary Lou Soller_____
Mary Lou Soller, Esquire
(D.C. Bar # 246231)
Miller & Chevalier Chartered
655 15th Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5800
(202) 626-5801 (fax)

***ATTORNEY FOR PLAINTIFF***

July 10, 2006