**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARDNER BRADLEY, | : |
| Plaintiff, | : |
| v. | : |
| | :  CV-05-1304 (ESH) |
| ODIE WASHINGTON, <u>et al.</u>, | : |
| Defendants. | : |

### DEFENDANTS BERNARD HALL AND STEVEN SMITH'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Bernard Hall and Steven Smith, ("Defendants"), by and through their counsel, the Office of the Attorney General for the District of Columbia, submit the following Reply[1] to plaintiff's opposition to their motion to dismiss, or alternatively, for summary judgment.

**I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT**

Plaintiff failed to present any credible arguments, or proffer any evidence to show that he exhausted his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321. Plaintiff first argued in his opposition that he did file a grievance. Other than this assertion, there is no evidence on record to show that plaintiff filed any such grievance. If plaintiff had filed a grievance, he would have received a receipt for his filing. *See* Exhibit #1, Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment, Affidavit of Hazel Lee. Plaintiff has not produced a receipt, nor has he produced copies of *any* grievances filed

---

[1] Defendants note for the record that they are replying to the opposition filed on July 10, 2006.

with respect to any of the incidents alleged in the amended complaint.  In the absence of any such evidence, plaintiff's amended complaint must be dismissed with prejudice.

Plaintiff next argues that there were no grievance forms available, and that he therefore could not file a grievance.  Plaintiff argues that exhaustion does not apply to remedies that aren't available to him, and as the grievance forms were allegedly unavailable, he should be exempt from complying with the PLRA.  Plaintiff primarily relies upon the following cases to support his arguments:  *Miller v.Norris,* 247 F.3d 736 (8th Cir. 2001), *Dale v. Lappin,* 376 F.3d 652 (7th Cit. 2004), and *Artis-Bey v. District of Columbia,* 884 A.2d 626 (D.C. 2005).  However, plaintiff's reliance on these cases is misguided.  The plaintiffs in *Miller, Dale,* and *Artis-Bey* all alleged that they were prevented from exhausting their administrative remedies.  But unlike the plaintiff in this case, those plaintiffs all made attempts in writing to satisfy the grievance process.  In *Miller,* the plaintiff wrote a letter to the Arkansas Department of Corrections requesting grievance forms, and he submitted a copy of that letter with a signed return receipt for certified mail.  *Miller,* 247 F.3d at 738.  In *Dale,* the plaintiff also attached documents showing that he had requested grievance forms while at the federal penitentiary in Lompoc, CA.  *Dale,* 376 F.3d at 653-54.  And in *Artis-Bey,* the plaintiff filed multiple grievances.  *Artis-Bey,* 884 A.2d at 629-30.

In all those cases, the plaintiffs produced evidence that they had at least filed *something* in an attempt to satisfy the grievance process in accordance with the PLRA.  But in this case, plaintiff has not offered any such evidence.  Plaintiff only argues that "no grievance forms were available between June 30, 2005 and August 8, 2005."  Plaintiff fails to produce any letters, self-created complaint forms, or documentation that

shows he requested grievance forms or sought to satisfy the grievance process. He fails to provide evidence as to what steps he took to voice his complaints or to obtain any grievance forms. All plaintiff can proffer is a blanket assertion that no forms were available. Plaintiff's assertion is insufficient in light of the PLRA requirements.[2] Plaintiff's failure to present proof that he exhausted the administrative remedies available to him before filing suit therefore requires dismissal of his claims against these defendants.

WHEREFORE, Defendants Bernard Hall and Steven Smith pray this Court dismiss the Complaint with prejudice, or in the alternative, grant them summary judgment.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

---

[2] Plaintiff also argues that he was unable to file a grievances after he was transferred on August 8, 2005. Plaintiff offers no case law to support his contention that his transfer relieves him of the requirements of the PLRA, and defendants therefore submit that his argument on that issue should be rejected in its entirety.