UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARDNER BRADLEY,<br><br>    Plaintiff<br><br>v.<br><br>ODIE WASHINGTON,<br>STEVEN A. SMITH,<br>C.O. \_\_\_ SAMSON,<br>C.O. \_\_\_ BUTLER,<br>C.O. \_\_\_ ROBINSON, and<br>JOHN DOE,<br>    In their Individual and Official<br>    Capacities, and<br>DISTRICT OF COLUMBIA DEPARTMENT<br>    OF CORRECTIONS,<br><br>    Defendants. | Civil Action No. 05-1304 (ESH) |

## SECOND AMENDED COMPLAINT

Plaintiff filed a complaint *pro se* on June 29, 1005, and an amended complaint *pro se* on September 1, 2005. On August 2, 2006, the Court dismissed several of Plaintiff's claims because he had not exhausted available administrative remedies. At that time, the Court granted leave for Plaintiff to file this Second Amended Complaint, setting forth Plaintiff's remaining claims. This Second Amended Complaint is being filed in accordance with that Order.

This is a civil rights lawsuit under the Eighth and Fourteenth Amendments to the United States Constitution. On July 31, 2005, the Plaintiff, Mr. Gardner Bradley, was assaulted by

Correctional Officers Samson, Butler, and Robinson. On August 8, 2005, the Plaintiff was transferred from the District of Columbia's Central Detention Facility (D.C. Jail) to a federal facility, at which time unknown employees of the District of Columbia Department of Corrections took all of Plaintiff's documents and papers including his legal material and destroyed it. These actions violated Mr. Bradley's Constitutional rights.

## JURISDICTION

1.  This lawsuit is brought under the Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983 (2006). Jurisdiction for the federal constitutional claims is based on 28 U.S.C. §§ 1331 and 1343 (2006).

## VENUE

2.  Venue is proper under 28 U.S.C. § 1391(b)(2) (2000), because the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

3.  Defendant Odie Washington was the Director of the District of Columbia Department of Corrections during the period of time relevant to the facts in this Amended Complaint. He was responsible for the policies in place regarding the treatment of inmates and the handling of their legal documents. The allegations concerning Defendant Washington are made against him in his personal and his official capacity.

4.  Defendant Steven A. Smith was the Warden of the District of Columbia Jail during the period of time relevant to the facts in this Amended Complaint. He was responsible for the policies at the D.C. Jail regarding the treatment of inmates and the handling of their legal documents. He was also responsible for supervising the conduct of the correctional officers at

that facility. The allegations concerning Defendant Smith are made against him in his individual and his official capacity.

5. Defendant ___ Samson was a correctional officer at the District of Columbia Central Detention Facility (D.C. Jail) during the period of time relevant to the facts in this Amended Complaint and participated in the assault on Plaintiff on July 31, 2005. The allegations concerning Defendant Samson are made against him in his individual and his official capacity.

6. Defendant ___ Butler was a correctional officer at the District of Columbia Central Detention Facility (D.C. Jail) during the period of time relevant to the facts in this Amended Complaint and participated in the assault on Plaintiff on July 31, 2005. The allegations concerning Defendant Butler are made against him in his individual and his official capacity.

7. Defendant ___ Robinson was a correctional officer at the District of Columbia Central Detention Facility (D.C. Jail) during the period of time relevant to the facts in this Amended Complaint and participated in the assault on Plaintiff on July 31, 2005. The allegations concerning Defendant Robinson are made against him in his individual and his official capacity.

8. Defendant John Doe was a correctional officer at the District of Columbia Central Detention Facility (D.C. Jail) during the period of time relevant to the facts in this Amended Complaint and participated in the assault on Plaintiff on July 31, 2005. The allegations concerning Defendant Doe are made against him in his individual and his official capacity.

9. Defendant District of Columbia Department of Corrections is an agency of the District of Columbia government. The District of Columbia Central Detention Facility (D.C. Jail) is under the jurisdiction and control of the District of Columbia Department of Corrections, and this agency is responsible for the operations at the D.C. Jail. It is also responsible for the

actions of its employees, including the individual Defendants. It is also responsible for the welfare of the inmates housed at the D.C. Jail, including Plaintiff.

## FACTS

10.  During all times relevant to the allegations herein, Plaintiff was an inmate at the D.C. Jail, a facility under the jurisdiction and control of the District of Columbia Department of Corrections.

### Assault by Correctional Officers

11.  On July 31, 2005, Correctional Officer Marr placed physical restraints on Plaintiff in order to move him from his cell to another area to receive a haircut. These restraints included handcuffs, leg shackles, and a "belly chain."

12.  While he was in the room in which haircuts are administered, another inmate was brought into the room by correctional officers. Plaintiff informed the officers that it was his understanding that, pursuant to a court order, he and this inmate were to be separated from each other. The correctional officers failed to remove the other inmate immediately from the room, and an argument between them ensued.

13.  During this argument, Correctional Officer Robinson grabbed Plaintiff by his restraint and forcibly removed him from the room in which haircuts were given and forced him back into his cell.

14.  Plaintiff requested that the physical restraints be removed from him. Instead, Correctional Officer Robinson grabbed Plaintiff and yanked him from his cell.
He then pushed Plaintiff down the stairs. Plaintiff was suffering from a previously broken leg, his legs were still shackled, and his hands were still cuffed. His mobility was restricted, and he was thus unable to protect himself from further injury.

4

15. After Plaintiff fell, Correctional Officer Robinson again grabbed Plaintiff and continued to push him violently into parts of the building's structures, including walls and a granite column. At that time, Correctional Officer Butler also participated in the assaults on Plaintiff.

16. As the assault on Plaintiff continued, Correctional Officer Sampson entered the room in which Plaintiff was being held by Defendants. Correctional Officer Sampson then punched Plaintiff in the ribs. Correctional Officers Sampson, Robinson, and Butler repeatedly punched and hit Plaintiff in the face, stomach, and ribs.

17. As a result of these assaults, Plaintiff suffered numerous contusions and cuts. His nose also bled profusely.

18. Following these assaults, Officer Butler removed Plaintiff from the room in which he had been assaulted to a holding cell. Lt. Brinson came by the holding cell, noticed Plaintiff's injuries, and told Plaintiff to change clothes and to take a shower before he would be transported to the D.C. Jail medical unit.

19. Plaintiff sustained physical and emotional injuries as a result of the assaults on him.

**Destruction of Personal Property (Legal Documents)**

20. On August 8, 2005, Plaintiff was brought to the D.C. Jail's Reception and Detention (R&D) unit. He was informed that he was being transported immediately from the D.C. Jail to a federal facility.

21. At that time, John Doe, a correctional officer in the R&D unit whose identity is currently unknown to Plaintiff, confiscated Plaintiff's documents and papers. These documents

included his legal papers relevant to the appeal of his criminal case. They also included copies of formal grievances and reports relating to conditions and incidents at the D.C. Jail.

22. The correctional officer informed Plaintiff that he could not take these materials with him and that they would not be transported with him to the federal facility where he was being transferred. He also refused to mail these materials to Plaintiff at the new facility.

23. Instead, the correctional officer told Plaintiff that these materials would be destroyed if they were not picked up within fifteen (15) days. Because Plaintiff was not given any receipt for this property and was not able to contact anyone to pick up these materials, these materials were destroyed. Upon information and belief, these actions were taken in retaliation for Plaintiff's prior complaints about the actions of correctional officers and the District of Columbia Department of Corrections.

24, As a result, Plaintiff has been injured by the loss of documents that cannot be replaced.

### Administrative Exhaustion

25. Because Plaintiff was transferred from the D.C. Jail on August 8, 2005, administrative remedies were not available to him after that date. Thus, Plaintiff has satisfied the requirements of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), that he exhaust available administrative remedies as to the claims alleged herein.

### CLAIM FOR RELIEF

(Section 1983 -- Eighth Amendment and Fourteenth Amendment)
(All Defendants)

26. Plaintiff realleges and incorporates by reference each allegation of Paragraphs 1-25, above.

26. Defendants Washington, Smith, and District of Columbia Department of Corrections knew of facts directly or from which they must have drawn an inference that the actions of correctional officers at the District of Columbia Central Detention Facility (D.C. Jail) were dangerous and harmful toward inmates, including Plaintiff. These Defendants also knew that the policies and procedures in place either were insufficient to prevent such actions or were not enforced to do so.

27. Defendants Samson, Butler, and Robinson, employees of the District of Columbia Department of Corrections, engaged in an assault or assaults on Plaintiff.

28. Defendant Doe, an employee of the District of Columbia Department of Corrections, destroyed or caused the destruction of Plaintiff's personal property without justification or cause.

29. Defendants caused Plaintiff's injury in that they:

(a) directly participated in the violation of Plaintiff's Constitutional rights; that caused him to suffer physical and emotional injury; or

(b) were informed of conditions constituting an ongoing constitutional violation, but failed to remedy the wrong; or

(c) were grossly negligent in supervising subordinates who violated Plaintiff's rights; or

(d) created policies or customs under which violations of Plaintiff's rights were caused, condoned, or ignored.

30. As a proximate, direct, and foreseeable result of the assault, the destruction of Plaintiff's property, and the Defendants' acts and omissions, Plaintiff has suffered physical and emotional injury, harm, and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. for compensatory damages for Plaintiff, according to proof;

2. for punitive damages for Plaintiff, according to proof;

3. for such additional relief as may be just and proper.

Plaintiff requests a jury trial.

Respectfully submitted,

*Mary Lou Soller*
Mary Lou Soller
(D.C. Bar #246231)
Miller & Chevalier Chartered
655 15th Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5849
(202) 626-5801 (fax)

Attorney for Plaintiff

October 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **SECOND AMENDED COMPLAINT** was served by regular United States mail, postage prepaid, and by electronic mail this 2nd day of October, 2006 upon each of the parties listed below:

>Michael P. Bruckheim
>Assistant Attorney General
>Office of the Attorney General
>    for the District of Columbia
>441 Fourth Street, N.W.
>Sixth Floor North
>Washington, DC 20001
>202-724-6649
>202-727-6295
>E-mail: michael.bruckheim@dc.gov

                                               */s/ Mary Lou Soller*
                                               Mary Lou Soller