UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARDNER BRADLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CV-05-1304 (ESH) |
| ODIE WASHINGTON, <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### DEFENDANT STEVEN SMITH'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Steven Smith ("Defendant"), by and through counsel, answer the Second Amended Second Amended Complaint with particularity and in like-numbered paragraphs as follows:

### First Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

### Second Defense

1.  Defendant admits the existence of this civil action, but denies that it confers any jurisdiction or liability upon this Defendant. Further answering, the Fourteenth Amendment does not apply to this Defendant.

2.  Defendant admits the existence of the statute cited in paragraph number 2 of the Second Amended Complaint, but denies that the statute confers any jurisdiction or liability upon this Defendant.

3. Defendant admits that Odie Washington was the Director of the District of Columbia Department of Corrections. The remaining allegations are the conclusions to which no response is required.

4. Defendant admits that he was the Warden of the District of Columbia Jail during the period of time relevant to the facts in this Amended Complaint. The remaining allegations are the conclusions of the pleader to which no response is required.

5. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 5 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 6 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 7 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 8 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

9. Defendant admits the allegations contained in paragraph number 9 of the Second Amended Complaint.

10. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 10 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

11. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 11 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

12. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 12 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

13. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 13 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

14. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 14 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

15. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 15 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

16. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 16 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

17. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 17 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

18. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 18 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

19. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 19 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

20. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 20 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

21. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 21 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

22. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 22 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

23. Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 23 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

24.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 24 of the Second Amended Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial.

25.     The allegations contained in paragraph number 25 of the Second Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

26.     Defendant incorporates herein by reference its responses to paragraphs 1 through 25 the Second Amended Complaint.

27.     The allegations contained in paragraph number 27 of the Second Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

28.     The allegations contained in paragraph number 28 of the Second Amended Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

29.     This Defendant denies the allegations contained in paragraph number 29 of the Second Amended Complaint.

30.     This Defendant denies the allegations contained in paragraph number 30 of the Second Amended Complaint.

### Third Defense

This Defendant is entitled to qualified immunity and/or has a privilege for his alleged conduct.

### Fourth Defense

This Defendant has no personal knowledge about the facts alleged by Plaintiff.

### Fifth Defense

If plaintiff was injured and/or incurred damages as alleged in the Second Amended Complaint, such injuries and/or damages was the result of the negligence of a person or persons other than the Defendants.

### Sixth Defense

If plaintiff was injured and/or incurred damages as alleged in the Second Amended Complaint, such injuries and/or damages was the result of his sole and/or contributory negligence and/or his assumption of the risk and/or his wanton and willful conduct.

### Seventh Defense

The statute of limitations and/or the doctrine of laches may bar this action.

### Eighth Defense

Defendant's actions were not the proximate cause of plaintiff's injuries.

### Ninth Defense

At all times relevant and appropriate, the Defendant has fulfilled any and all legal obligations that may have been owed to the plaintiff.

### Tenth Defense

The actions taken toward the plaintiff by the Defendant were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

### Eleventh Defense

Defendant did not engage in any unlawful contact with the plaintiff.

### Twelfth Defense

Plaintiff may have failed to exhaust his administrative remedies.

### Thirteenth Defense

Plaintiff has failed to mitigate his damages.

### JURY DEMAND

This Defendant demands a trial by a jury of twelve (12).

Defendant reserves the right to amend his Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, Defendant Steven Smith urges the Court to dismiss the Second Amended Complaint with prejudice and award costs and attorney's fees to the Defendant.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

__\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295